SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00221-AB-1** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **QUIRINO LOPEZ SANCHEZ,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking organization responsible for transporting bulk quantities of narcotics into Oregon. Pursuant to a plea agreement, the defendant pled guilty to a single-count Indictment alleging conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 846. The parties have agreed to jointly recommend 51 months' imprisonment to be followed by five years' supervised release. The government recommends a sentence of 51 months because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct and

criminal history, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities.

## I. SENTENCING CALCULATIONS

### A. PSR Guideline Calculation

The government recommends the following guideline calculation:

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(3) | Between 5 and 15 Kilograms of Methamphetamine | BOL = 34 |
| USSG § 2D1.1(a)(5) | Large quantity and Mitigating Role Adjustment | **Adj to 31** |
| USSG § 2D1.1(b)(1) | Firearm enhancement | +2 |
| USSG § 2D1.1(b)(18) | No Safety Valve | -- |
| USSG § 3B1.2(a)(5)(ii) | Mitigating Role Reduction | -2 |
| | **Adjusted Offense Level** | **31** |
| USSG § 3E1.1 | Acceptance of responsibility | -3 |
| | **Total Offense Level** | **28** |

The government has agreed to recommend several reductions as detailed in the confidential supplement to the PSR. The parties have agreed that defendant is not eligible for the two-level safety valve adjustment because defendant possessed a firearm in connection with the offense. The parties have agreed that defendant is eligible for a two-level mitigating role adjustment, as he was both a courier and a bulk distributor for the drug trafficking organization. The parties have agreed to recommend a three-level acceptance of responsibility reduction.

The PSR correctly calculates defendant's criminal history category of I. Prior to any variances, this produces a total offense level of 28 and an advisory guideline range of 78-97 months' imprisonment.

The plea agreement provides for an additional variance to the extent one is necessary to achieve the jointly recommended sentence of 51 months' imprisonment. The government agrees

to recommend a three-level downward variance for all 3553(a) factors including defendant's early resolution of the case without needless delay.

### B. The Government's Recommended Sentence

Pursuant to the plea agreement, the government recommends a sentence of 51 months' imprisonment. For the reasons that follow, this sentence is sufficient, but not more than necessary to achieve the goals of sentencing, and no further reductions are warranted.

## II. ARGUMENT

### A. Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 18-24. In summary, defendant was in possession of bulk quantities of methamphetamine that he conspired with others to distribute for profit.

In February 2025, DEA agents learned from a confidential source that the user of a cell phone ending with the numbers -0419 trafficked methamphetamine from California to Oregon and Washington. On March 4, 2025, a federal search warrant was signed, authorizing the agents to monitor the geolocation of the cell phone. Through communications with ATF and Vancouver Police Department, the agents identified defendant's vehicle and observed that it travelled in a pattern consistent with the geolocation of the cell phone.

On March 13, 2025, a Vancouver police detective obtained a search warrant authorizing the installation of a vehicle tracking device on the 2013 Toyota Tacoma vehicle. The device was installed that evening. On March 21, 2025, agents obtained a federal search warrant to monitor the tracking device within the District of Oregon. The tracking device revealed that the Toyota had travelled south from Woodland, Washington, through Oregon, to Los Angeles, California, where it stayed for several hours before starting north towards Oregon. The geolocation data of

the subject cell phone was also observed in Los Angeles, travelling towards Oregon. Investigators deployed to locate and disrupt what they believed to be the trafficking of drugs.

On March 22, 2025, at approximately 1:40 a.m. along the I-5 highway in Eugene, Oregon, DEA task force investigators stopped defendant's vehicle. Defendant was seated in the driver's seat and another male was in the front passenger seat. Investigators called the subject phone number, and the phone in the driver's seat rang. Having probable cause, investigators searched the vehicle. A drug detecting canine alerted investigators to the presence of narcotics, and investigators found 12 bricks of methamphetamine (approximately 5,952 gross grams, including packaging materials) concealed in a grocery bag under the passenger seat. Investigators also located a 9mm FN semi-automatic handgun inside of the center console. The firearm had a loaded magazine, and a box of 9mm ammunition was also found in the center console. Investigators seized the narcotics and firearm, and laboratory analysis confirmed that the contents of the grocery bag contained 5,372.6 net grams of actual methamphetamine.[1]

**B. 51 Months' Imprisonment is a Sufficient Sentence**

Large scale narcotics traffickers profiteer from the misery of others. These complex drug trafficking organizations multiply their profits and distribution networks by recruiting others to assist in their criminal activities. Individual distributors, like defendant, not only serve a vital distribution role within the conspiracy. Defendant and others like him allow larger players to remain anonymous while others like defendant risk apprehension while transporting huge quantities of drugs for a share of the drug proceeds.

[1] The PSR writer correctly applied the actual quantity of methamphetamine defendant possessed. However, parties have agreed to use the mixture quantity to calculate defendant's guideline.

The government's recommended sentence accounts for the seriousness of defendant's conduct and his lack of prior criminal convictions. A sentence of 51 months custody reflects the seriousness of the offense, provides the community with protection from other crimes by defendant, and accounts for defendant's history and characteristics.. This jointly recommended sentence is in line with other similarly situated defendants and does not lead to unwarranted sentencing disparities.

For these reasons, a sentence of 51 months' imprisonment and five years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

## III. CONCLUSION

Based on the forgoing, the government recommends that this Court impose a sentence of 51 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR. The government respectfully requests that the judgment reflect the agreed upon forfeiture and abandonment provisions set forth in the plea agreement.

Dated: October 14, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney